UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE MCNEAL,

          Petitioner,

v.

JEFFREY WOODS,

          Respondent.

_____/

Case No. 2:08-cv-13285

HONORABLE BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Lance McNeal, a prisoner in the custody of the State of Michigan department of corrections, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first degree murder and first degree home invasion, entered on March 19, 2003 following a jury trial before the Honorable Leonard J. Townsend. Petitioner was sentence to mandatory life imprisonment for the first degree murder conviction concurrent to 10 to 20 year for the home invasion conviction.

### I. Facts

The following facts are taken from the opinion of the Michigan Court of Appeals and are presumed correct on habeas review. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539 (1981).

> On August 3, 2002, defendant saw Tanganyika Shack, an ex-girlfriend, at the store and followed her home. Defendant entered Shack's house and encountered two people, Patricia Krisel and Tyrone Isbell. Shack testified that she asked him to leave, and defendant did subsequently leave. According to Krisel, later that night defendant was repeatedly calling the house, sounding more agitated with each call. Krisel and Shack both claim that after the last phone call they heard glass breaking in the kitchen at

which time they ran to the stairs. Shack testified that she heard defendant hollering and that she saw him trying to break the kitchen window with some kind of object.FN1 Shack also testified that she hit her house alarm buttons, and ran upstairs to barricade herself and Krisel in a bedroom.

FN1. Shack was later impeached with a prior out of court statement where she claimed that she never saw anyone come into the house.

Defendant testified that Shack let him into the house. According to defendant, he went to the basement to confront Isbell because Shack and Krisel "owed [Isbell] money," and Isbell "came at him" swinging a hockey stick. Defendant testified that he then pulled out a knife and swung at Isbell "two or three" times. Defendant further testified that after a struggle he went upstairs into the kitchen and Isbell came at him carrying a garden hoe and a pair of garden shears, at which point defendant stabbed Isbell again. Defendant left and threw the knife out of his car window. Isbell died from multiple stab wounds, and the record reveals that he was stabbed ten times.

*People v. McNeal*, No. 248341,  2004 WL 1949303, *1 (Mich. App. Sept. 2, 2004)

## II.Procedural History

Petitioner, through counsel, filed a timely direct appeal with the Michigan Court of Appeals, with counsel filing a brief and a supplemental brief and Petitioner filing a separate *pro per* brief.

Petitioner's brief through counsel raised the following issues:

I.      The lower court erred and denied Mr. McNeal a fair trial by refusing to instruct the jury on manslaughter since Mr. McNeal's theory of the case rationally supported imperfect self defense.

II.     The cumulative effect of the lower court's instructions to the jury amounted to a denial of due process and reversible error because they misstated and omitted elements of the offenses charged, misled the jury on specific intent, witness credibility, and impeachment and unduly emphasized certain instructions over others.

III.    The lower court erred by refusing to require the prosecution to make a preliminary showing of admissibility of other alleged crimes, wrongs or acts of Mr. McNeal against a key prosecution witness, all in violation of MRE 404(b).

IV.     The lower court erred and abused its discretion by allowing Mr. McNeal to be impeached by prior convictions involving theft, since they were not probative of veracity.

V.      The lower court engaged in repeated instances of bias against the defense and denied Mr. McNeal a fair trial.

VI.     Trial Counsel was ineffective because he failed to engage in meaningful pretrial discovery to support Mr. McNeal's theory of self defense, failed to engage in an effective cross examination of the prosecutor's expert witness.

VII.    The evidence presented at trial was insufficient beyond a reasonable doubt to find Mr. McNeal guilty of felony murder.

VIII.   Guilty verdicts and sentences on felony murder and home invasion violated Mr. McNeal's right against double jeopardy.

In a supplemental brief, Petitioner raised the following issues:

I.      The trial court reversibly erred and denied defendant due process of law when it failed to charge the jury with the specific intent instruction for first-degree home invasion.

II.     The prosecutor committed reversible error when he extensively cross-examined defendant concerning sentences of prior convictions, then amplified the errors' prejudicial effects by emphasizing the testimony in closing arguments. Moreover, in the prosecutor's argument, he states his belief in the truthfulness of his witness' testimony. The cumulative effect of this prosecutorial misconduct denied defendant due process of law and his right to a fair trial resulting in a miscarriage of justice.

III.    Appellate McNeal was denied effective assistance of counsel when trial attorney failed to object to prosecutor misconduct, which was foreshadowed by well established law.

On September 2, 2004, the Michigan Court of Appeals, in an unpublished per curiam opinion, docket no. 248341, affirmed Petitioner's conviction for first degree murder but vacated on double jeopardy grounds Petitioner's sentence for first degree home invasion.

Petitioner thereafter filed an application for leave to appeal in the Michigan Supreme Court, raising the following issues:

3

I.      The prosecution committed misconduct by failing to produce evidence regarding pending criminal warrants against a key witness, by vouching for the credibility of prosecution witnesses, by cross-examining appellant regarding the sentences he served for prior convictions, by failing to present the entire record testimony of a witness and by taking unfair advantage of appellant's prior sentences in closing argument.

II.     The lower court erred by refusing to require the prosecution to make a preliminary showing of admissibility of other alleged crimes, wrongs, or acts of Mr. McNeal, asserted by a key prosecution witness.

III.    The individual and cumulative effects of the lower court's instructions to the jury a denial of due process and reversible error because they misstated and omitted elements of the offenses charged, misled the jury on specific intent, witness credibility, and impeachment and unduly emphasized certain instructions over others and failed to instruct on the lesser included offense of manslaughter.

IV.     The lower court erred and denied appellant due process of law when it failed to charge the jury with the specific intent instruction for first degree home invasion and omitted the requirement that a separate offense be committed.

V.      The lower court engaged in repeated instances of bias against the defense and denied Mr. McNeal a fair trial.

VI.     Trial counsel was ineffective because he failed to engage in meaningful pretrial discovery to support Mr. McNeal's theory of self defense, failed to engage in effective cross-examination of the prosecution's expert witness and failed to object to instances of prosecutorial misconduct.

VII.    Appellant was denied due process because of various instances of prosecutorial misconduct.

VIII.   There was insufficient evidence to find Appellant guilty of felony murder as a matter of law.


The Michigan Supreme Court denied leave to appeal on May 31, 2005 and denied

reconsideration on June 30, 2005, in docket no. 127305.

Petitioner filed a Motion for relief from judgment in the trial court on July 18, 2006, which was assigned to the Honorable Gregory Bill, successor to Judge Townsend.    The motion for relief from judgment raised the following claims:

I.    Whether Mr. McNeal was denied effective assistance of trial counsel as guaranteed by the federal and state constitutions when his trial attorney failed to, a) investigate & utilize witness' criminal background, b) competently object to erroneous jury instructions, c) object to prosecutor misconduct, and d) present evidence critical to defendant's defense (US const. AMVI; Const. 1963, Art. 1, § 20).  Whether this deficient performance also deprived Mr. McNeal of his VI AM right to confrontation, VI AM right to trial by jury, V and XIV AM due process right to a fair trial.

II.    Whether the trial court erroneously instructed the jury on the underlying offense of first degree home invasion when it omitted the element that a "felony, larceny, or assault" had to either be intended or committed.  Whether this error which deprived Mr. McNeal his state and federal rights to a trial by jury, due process of law and a fair trial (US Const., AM's V, VI & XIV; Const. 1963, Art. 1, § 17, 20)

III.    Whether the first degree home invasion statute is unconstitutionally vague as applied to Mr. McNeal's case under the state and federal constitutions, because it allows the application of the specific intent crime of home invasion to the general intent crime of murder.  Further, the trial court's omission of an entire element and the specific intent instruction for the statute at issue exasperated its vagueness in Mr. McNeal's case.

IV.    Whether defendant McNeal was denied his federal constitutional rights to due process of law, a fair trial, and confrontation, when the trial court; a) presented the jury with partial written instructions only focusing on the prosecution's theory, and b) refused to rule on defense counsel's motion in limine to preclude alleged prior bad acts, that was later introduced by a prosecution witness (US Const., AM's V, IV and XIV)?

V.    Whether defendant McNeal was denied his constitutional right to effective assistance of counsel on appeal, where his appellate counsel a) was burdened by a dual conflict of interest, resulting in her failure to raise ineffective assistance of counsel claims against herself and her colleague, who was also defendant's trial counsel, and b) failed to raise clear and obvious issues on direct appeal?

The trial court denied relief in an Opinion and Order dated February 14, 2007.  Application for leave to appeal was denied by the Michigan Court of Appeals on October 23, 2007,

docket no. 277557, and denied by the Michigan Supreme Court on June 23, 2008, docket no. 135265.

### III.Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this court's habeas corpus review of state-court decisions and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case, or unreasonably extends or refuses to extend a legal principle to a new context. *Id.* at 407-08. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

# IV. Analysis

The petition asserts the following five claims for habeas relief.

I.    Petitioner was denied a fair trial by ineffective assistance of counsel in violation of the Sixth Amendment.

II.   The prosecutor prejudiced defendant with improper argument.

III.  Instructional error denied Petitioner due process and a fair trial.

IV.   Petitioner was denied due process and fair trial by erroneous structural errors in failing to rule on evidentiary issues and over objection providing partial written instructions.

V.    Petitioner was unconstitutionally prejudiced where counsel labored under a conflict of interest and rendered ineffective assistance of appellate counsel.

## A. Claim I: Ineffective Assistance of Counsel

Petitioner asserts that his trial counsel was ineffective in four ways. First, Petitioner asserts that trial counsel was ineffective for failing to investigate Nikki Shack's criminal background and use it at trial. Second, Petitioner asserts that his trial counsel was ineffective because counsel failed to demand the production and admission of a hockey stick and garden shears that Petitioner asserts the victim used to attack Petitioner, and failed to contact and produce testimony from Shack's mother, who, Petitioner asserts, would offer evidence that the prosecution's witnesses Shack and Krisel were known to lie. Third, Petitioner asserts that trial counsel was ineffective in that counsel failed adequately to cross examine the medical examiner about the wounds sustained by the victim. Fourth, Petitioner contends that his trial counsel was ineffective because he failed to object to jury instructions for first degree home invasion that omitted the requirement of specific intent.

Claims of ineffective assistance of counsel are governed by the standards set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, an ineffective assistance of counsel claim has two components. First, the petitioner must show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, a petitioner must also show that the deficient performance prejudiced the defense. *Id.* In order to establish prejudice, the petitioner must show that the identified errors were so serious that they deprived the petitioner of a fair trial. *Id.* The burden is on the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Id.*

When a state court has considered and rejected a claim of ineffective assistance of counsel on the merits, a federal habeas court must apply a doubly deferential standard to the question of whether a state court application of *Strickland* is unreasonable for purposes of AEDPA. *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786 (2011). When considering whether habeas relief is appropriate in such a circumstances, the court must determine "what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington,* 131 S. Ct. at 786.

1.   Petitioner's Failure to Investigate Claim is Procedurally Defaulted

Petitioner asserted for the first time in his motion for post conviction relief his claim that his trial counsel was ineffective for failing to investigate and discover the criminal background of prosecution witness Nikki Shack.  Respondent asserts that this claim is procedurally defaulted because Petitioner raised it for the first time in his post-conviction motion and the trial court denied the claim on procedural grounds.  Upon review, the Court agrees with Respondent that this claim is procedurally defaulted.

A federal court may issue the writ of habeas corpus when a state prisoner is held in custody in violation of the federal constitution or laws.  The writ may not issue, however, if adequate and independent state law grounds justify the prisoner's detention.  *Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000) (Breyer, concurring).  Where a state court declines to pass on a federal claim because the claim was not presented in the manner prescribed by the state's procedural rules, a federal court is barred from reviewing the claim except under certain, highly limited, circumstances.  "Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*,  541 U.S. 386, 388 (2004).

> The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.  In these cases, the state judgment rests on independent and adequate state procedural grounds.

*Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (citations omitted).

In order to determine whether a claimed procedural default constitutes an adequate and independent state-law basis justifying Petitioner's detention, the district court must apply the

9

analysis set forth by the Sixth Circuit in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  The district court must first determine that there is a state procedural rule applicable to petitioner's claim with which petitioner failed to comply.  *Id.* at 138.  Second, the court must determine whether the state courts actually enforced the state procedural sanction.  *Id.*  Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal constitutional claim. *Id.*

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Id.* (citing in part *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

"[T]he existence of cause for a procedural default ... ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*,  477 U.S. 478, 488 (1986). Alternately, a federal court may reach a petitioner's federal claims, even absent cause for the procedural default, if the petitioner can establish that failing to review the claim would result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.  This exception applies in cases where a constitutional violation has most likely resulted in the conviction of one who is actually innocent of the crime for which he was convicted.  *Dretke*, 541 U.S. at 393. Absent either cause and prejudice or a finding of actual innocence, a federal court may not reach the merits of a claim that has been procedurally defaulted in state courts by a state prisoner. *Williams v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006).

A review of the record shows that Petitioner's claim based on counsel's failure to investigate Shack's criminal history was procedurally defaulted in state court. The orders of the Court of Appeals and the Michigan Supreme Court deny review by citation to MCR 6.508(D) without further explanation, and thus the Court must look to the last reasoned opinion to determine the basis for the state courts' reliance on Rule 6.508(D). *Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010). The last reasoned opinion dealing with this issue is the trial court's February 14, 2007 Opinion and Order Denying Defendant's Motion for Relief from Judgment. In that order, the trial court states that it is denying relief because the defendant had not "met the stringent burden of MCR 6.508(D)(3) (a-b)." The court also found that ineffective assistance of appellate counsel did not constitute good cause for defendant's failure to meet the requirements of MCR 6.508(D).

Petitioner argues that the doctrine of procedural default does not apply because the trial court's use of the phrase "[h]aving made a comprehensive review of the record this court finds these claims to be wholly without merit" meant that the trial court waived the procedural default and reached the merits of Petitioner's post-conviction claims. The Court disagrees. Read as a whole, the trial court's order clearly relies upon the procedural bar of MCR 6.508(D)(3) in failing to reach Petitioner's claims, and holds that ineffective assistance of appellate counsel did not establish cause and prejudice sufficient to reach the underlying merits. The procedural bar of MCR 6.508(D)(3) is an adequate and independent state law procedural ground, and reliance upon the bar by state courts bars federal habeas review of the claim "unless the prisoner can demonstrate cause for noncompliance and actual prejudice

11

arising from the alleged constitutional violation or a showing of a fundamental miscarriage of justice." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).

Petitioner asserts that his appellate counsel was ineffective and that ineffective assistance of appellate counsel constitutes cause to excuse the procedural default. The record, however, does not establish that Petitioner's appellate counsel was ineffective. A criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Petitioner's counsel raised several substantial claims on appeal, including one that resulted in the Court of Appeals vacating Petitioner's conviction for home invasion. The claims asserted by Petitioner on collateral review are not "clearly stronger" than that claims asserted by his appellate counsel.

Petitioner also asserts that his appellate counsel was ineffective because she had a conflict of interest that prevented her from raising trial counsel's ineffectiveness. Petitioner asserts that appellate counsel had a conflict of interest because she represented Petitioner in the early stages of criminal proceedings prior to the preliminary examination and then, after the trial, also represented him on appeal. The Petitioner also asserts that his appellate counsel shared offices with his trial counsel and this relationship prevented her from raising meritorious claims asserting ineffective assistance of trial counsel. This relationship does not establish that Petitioner's appellate counsel was ineffective. There is no *per se* conflict of interest even when the same attorney represents a criminal defendant on direct appeal. *Cf.*

12

*Whiting v. Burt*, 395 F.3d 602, 619 (6th Cir. 2005) (trial counsel also acting as appellate counsel does not create conflict of interest).

The facts do not show that Petitioner's appellate counsel was laboring under an actual conflict of interest.  Petitioner's appellate attorney raised several claims of ineffective assistance of trial counsel on Petitioner's direct appeal.  The fact that appellate counsel asserted ineffective assistance of trial counsel claims on Petitioner's direct appeal undercuts Petitioner's assertion that appellate counsel's relationship with trial counsel impeded appellate counsel's representation of Petitioner by preventing her from raising ineffective assistance of trial counsel.

In sum, the record does not establish that Petitioner's appellate counsel was ineffective and therefore ineffective assistance of appellate counsel cannot be used as cause for to excuse Petitioner's procedural default of his first claim of ineffective assistance of trial counsel. Petitioner's claim of ineffective assistance of trial counsel based upon counsel's failure to discover and use Stack's criminal record is procedurally barred.

>    2.  Ineffective Assistance of Trial Counsel Claim: Failure to Demand
>        Production and Admission of Hockey Stick and Garden Shears
>        and Failure to  Contact and Produce Testimony from Shack's
>        Mother for Purposes of Impeaching Prosecution's Witnesses

Petitioner asserts that his trial counsel was ineffective for failing to demand the production and admission of a hockey stick and garden shears that Petitioner asserted were used by the victim to attack Petitioner.  Petitioner also asserts that his trial counsel was ineffective for failing to produce testimony from Nikki Shack's mother.  According to an unsigned "affidavit" appended to the Petition, Shack's mother would have testified that Shack

made unfounded domestic abuse claims against Petitioner and that both Shack and Krisel had motive to lie and were known to lie.

The claim regarding Nikki Shack's mother's testimony is procedurally barred. Petitioner presented this claim for the first time in Petitioner's motion for post-conviction relief. As discussed above, the trial court denied Petitioner's motion on adequate and independent state procedural grounds. Petitioner has not established cause to excuse Petitioner's procedural default. The Court is therefore barred from considering the ineffective assistance of counsel claim as it relates to Nikki Shack's mother's purported testimony.

Petitioner also claims that his trial counsel was ineffective for failing to demand the prosecution produce the garden shears and hockey stick claimed to have been brandished by the victim at the time the victim was stabbed by the Petitioner. This claim was raised in Petitioner's appeal by right and was rejected on the merits by the Michigan Court of Appeals:

> Defendant contends that he asked his counsel whether an evidentiary hearing could be requested to obtain evidence in support of his self-defense theory. In particular, defendant claims that he wanted his trial counsel to obtain the hockey stick and the garden hoe, which defendant claimed that Isbell used to assault him with, as evidence. According to defendant, trial counsel declined to request an evidentiary hearing.

> Defendant testified that Isbell came at him and swung a hockey stick at him twice, and that is when defendant pulled out a knife and the two began struggling. And, defendant testified that he stabbed Isbell because Isbell swung the hockey stick at him. Defendant also testified that Isbell subsequently "charged" him with a garden hoe because he was upset that he had been stabbed, and defendant stabbed him again. A photograph was presented into evidence, which revealed the garden hoe that defendant claimed Isbell went after him with. Further, a police officer testified that the garden hoe was laying right in the middle of the floor.

> As noted, effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *LeBlanc, supra* at 578; *People v. Solmonson*, 261 Mich.App 657, 663; 683 NW2d 761 (2004). A defendant can overcome the presumption by showing that counsel failed to perform an essential duty and that the failure was prejudicial to the defendant. *People v. Hampton*, 176 Mich.App 383, 385;

439 NW2d 365 (1989). Decisions regarding what evidence to present are matters of trial strategy, which will not be second guessed or assessed with the benefit of hindsight. *People v. Garza*, 246 Mich.App 251, 255; 631 NW2d 764 (2001). The failure to present evidence can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense. *People v. Hyland*, 212 Mich.App 701, 710; 538 NW2d 465 (1995) vacated in part on other grounds 453 Mich. 902; 554 NW2d 899 (1996). A substantial defense is one that might have made a difference in the outcome of the trial. *Id.* There has been no showing on this record as to what the presentation of the hockey stick or the garden hoe would have added. Defendant contends that Isbell's fingerprints may have been found on the items if discovered. However, fingerprints may not have been found on them, and who knows what type fingerprints would have been found on these items by the time defense counsel would have retrieved them; one being a child's hockey stick and the other being a garden hoe. Defendant testified with regard to Isbell possessing these items, and there was no contrary testimony. It may very well have been trial strategy not to request discovery of evidence, which may end up damaging to defendant and would be cumulative to the testimony. The presentation of the hockey stick and garden hoe would not have changed the outcome of the proceedings. The failure to discover and present the hockey stick and the garden hoe did not deprive him of a substantial defense, a prerequisite to appellate relief. *Daniel, supra* at 58. Moreover, there was overwhelming evidence to convict the defendant on this charge of first-degree felony murder, as there were ten stab wounds, which is inconsistent with self defense. On this record, we find that defendant has failed to affirmatively demonstrate that his trial counsel's performance was objectively unreasonable and so prejudicial as to deprive him of a fair trial. *Pickens, supra* at 338. Nor has defendant either overcome the strong presumption that his trial counsel's assistance constituted sound trial strategy, or shown that there was a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v. Toma*, 462 Mich. 281, 302-303; 613 NW2d 694 (2000). We reject defendant's claim that defense counsel's failure to comply with each of defendant's requests to take certain actions demonstrates ineffective assistance of counsel. "A difference of opinion between defendant and defense counsel on trial tactics does not mean that there was ineffective assistance of counsel." *People v. Cicotte*, 133 Mich.App 630, 637; 349 NW2d 167 (1984).

*McNeal,* 2004 WL 1949303, at *16.

This holding is binding on this Court unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was based upon "an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C.

2254(d).  Petitioner utterly fails to meet his burden of showing the Michigan Court's holding was contrary to or an unreasonable application of federal law or unreasonable in light of the facts.  Petitioner argues that the holding of the Michigan court was incorrect, but such an argument is insufficient, because the burden on the Petitioner is to show that the holding is contrary to or unreasonable in light of clearly established Supreme Court precedent.

The holding is neither contrary to nor an unreasonable application of *Strickland*.  The holding of the Michigan court applied the correct rule of law as set forth in *Strickland* and its holding that the facts failed to establish ineffective assistance of counsel reasonably applied the *Strickland* standard to the facts in the record.  Habeas relief, therefore, is not appropriate on this claim.

### 3.  Assertion of Ineffective Assistance of Trial Counsel for Failing Adequately to Cross Examine the Medical Examiner Regarding the Victim's Wounds

In his third claim of ineffective assistance of trial counsel, Petitioner asserts that his trial counsel was ineffective for failing adequately to cross examine the medical examiner.  Petitioner asserts that the medical report establishes all but one of the victim's ten stab wounds were either superficial or involved soft tissue, and further asserts that his counsel should have established this on cross examination of the medical examiner.  The Michigan Court of Appeals rejected this claim on the merits, holding that a choice by defense counsel to limit cross examination on the extent of the stab wounds was within the bounds of reasonable strategic choices because extensive cross examination could highlight to the jury the medical examiner's testimony that all stab wounds are serious.  The court also found that the failure of trial counsel to cross examine the medical examiner as to six allegedly superficial wounds was not prejudicial because the remaining four wounds were not

16

superficial, sufficient to find that any error did not effect the outcome of the proceedings. *McNeal*, 2004 WL 1949303, at *17.

This holding of the Michigan court is not an unreasonable determination of the facts or an unreasonable application of *Strickland*. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct" and the Petitioner must therefore "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The Petitioner has failed to overcome this presumption. The record, rather, supports the inference that Petitioner's trial counsel's decision to limit cross-examination of the medical examiner fell within the 'wide range of professionally competent assistance.' *Strickland*, 466 U.S. at 690. The record also supports the Court of Appeal's finding that the Petitioner had failed to establish a reasonable probability that the result would have been different had counsel engaged in further cross examination. Habeas relief is not appropriate on this claim.

4. Failure to Object to Jury Instructions for First Degree Home Invasion that Omitted the Requirement of Specific Intent

Finally, Petitioner asserts that his trial counsel was ineffective for failing to object to jury instructions for first degree home invasion that did not require specific intent. This claim is procedurally defaulted because it was raised for the first time in Petitioner's motion for post-conviction relief and, as discussed above, the trial court relied upon a Michigan procedural rule in declining to grant relief. The claim also lacks merit, because the Michigan Court of Appeals held that the prosecutor was not required to prove the Petitioner's specific intent as an element of the conviction for first degree home invasion. *McNeal*, 2004 WL

17

1949303 at *9.  This Court is bound by the state court's interpretation of its own law, including when announced in direct appeal of the challenged conviction.  *Railey v. Webb*, 540 F.3d 393, 399 (6th Cir. 2008).  As Petitioner was not entitled to a specific intent jury instruction, Petitioner's counsel cannot be ineffective for failing to seek such an instruction.  *Cf. Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (noting that counsel cannot be ineffective to failing to raise an issue that lacks merit).

### B.     The Prosecutor Prejudiced Defendant with Improper Argument

Petitioner's second claim for habeas relief asserts that he was denied a fair trial because the prosecutor vouched for the credibility of witnesses Shack and Krisel.

As an initial matter, this claim appears to be procedurally defaulted as the Michigan Court of Appeals noted the failure of Petitioner's counsel to contemporaneously object and reviewed the issue for plain error.  *See Grayer v. McKee*, 149 Fed. Appx. 435 (6th Cir. 2005) (failure to contemporaneously object serves as an adequate and independent state law bar and court decision limiting review to plain error constitutes enforcement of procedural bar).  Respondent does not argue that this claim is procedurally defaulted, however, and so the Court will review the merits of the claim.

On habeas review, for claims of prosecutorial misconduct that do not implicate a specific constitutional right, "the appropriate standard of review ... is 'the narrow one of due process.'"  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)).   "The relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.*  (quoting *Donnelly*, 416 U.S. at 643).  A prosecutor's

conduct violates due process only where it is so egregious that it renders the entire trial fundamentally unfair. *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000).

The Sixth Circuit applies a two-step analysis to determine whether prosecutorial misconduct, including vouching, warrants habeas relief. *Wilson v. Bell*, 368 Fed. Appx. 627, 633 (6th Cir. 2010). The petitioner must demonstrate first, that the prosecutor's conduct was improper. *Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005). If the court finds the conduct improper, the petitioner must further demonstrate that it was sufficiently flagrant to warrant reversal. *Id.* Applying this test to the comments at issue, the Court finds that the Michigan court correctly held that the prosecutor's conduct was not improper.

"Improper vouching occurs when a jury could reasonably believe that a prosecutor was indicating a personal belief in a witness' credibility." *Taylor v. United States*, 985 F.2d 844, 846 (6th Cir. 1993). It is improper for the prosecutor to support the credibility of a witness by indicating a personal belief in the witness's credibility based on special knowledge of facts outside what are before the jury. *Davis v. Booker*, 589 F.3d 302, 310 (6th Cir. 2009). A prosecutor may, however, properly argue for reasonable inferences from the evidence, and, where there is conflicting testimony, may infer and therefore argue that one of the two sides is lying. *United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996).

Petitioner argues that the prosecutor committed misconduct during rebuttal when he told the jury that Petitioner had been convicted of retail fraud and receiving and concealing property, and then went on to discuss the credibility of all the witnesses:

> Why would somebody have a reason to lie, are they lying, could they possibly be lying, have they lied in the past. And you have no evidence in any way, shape or form, that Nikki and Patricia have ever had any trouble like that in the past, are anything but truthful citizens. You don't have that with Mr. McNeal.

19

Petitioner argues that the prosecutor was charged with knowing that Nikki Shack was wanted for arrest on charges of retail fraud and drug possession and had lost custody of her child for neglect and drug abuse at the time she testified, and therefore acted improperly when he said that the jury did not have evidence that they ever "had any trouble like that in the past."

The Michigan Court of Appeals held that these statements did not establish prosecutorial misconduct

First, the prosecution never said that the witnesses had no prior convictions, just that their criminal history was not like defendant's criminal history. Second, the only conviction Shack had was the one that defense counsel was aware of according to his affidavit attached to defendant's supplemental brief on appeal. Third, even though there may be charges pending against a witness that is not the same as convictions, which is what defendant was impeached with. Lastly, the prosecution did not make any false statement, and it only commented based on the evidence that the prosecution witnesses were more credible than defendant. Reviewing the challenged statements in context, there was no false statement and no misconduct in the statements because the prosecutor is free to argue credibility from the evidence. *People v. Smith*, 158 Mich.App 220, 231; 405 NW2d 156 (1987); see also *Schutte, supra* at 722. Thus, the challenged comments made by the prosecution did not constitute plain error affecting defendant's substantial rights; even if error the comments cited by defendant were not outcome determinative.

In a standard 11 brief, defendant argues that the prosecutor denied him a fair trial by expressing a personal belief in his guilt and by expressing belief in the truth of the witnesses' versions. Defendant did not object to the prosecutor's remark at trial; therefore, absent plain error affecting his substantial rights, he is not entitled to relief. *Carines, supra* at 763-764. Defendant also contends that his trial counsel was ineffective in failing to object to the challenged comments. It is unclear exactly what comments of the prosecution defendant is challenging and, thus, to the extent defendant's argument is not clear, defendant has abandoned the issue. *See Watson, supra* at 587; *Jones* (on Rehearing), *supra* at 456-457. Nonetheless, a review of the transcript page cited in defendant's standard 11 brief reveals only proper credibility arguments from the evidence and, thus, no prosecutorial misconduct.

Although a prosecutor may not vouch for the credibility of a witness by implying that he has some special knowledge that the witness is testifying truthfully, *Bahoda, supra* at 276, a prosecutor may argue on the basis of evidence presented that a witness is credible. *Schutte, supra* at 722. The prosecution argued that an important aspect of the case is whether defendant was invited into the home or broke into the home, and that

the witnesses' testimony and the surrounding circumstances support that defendant broke into the home uninvited. Viewing the challenged remarks in context, the prosecutor was not arguing that he had some special knowledge that the witnesses' testimony was truthful; rather, he was arguing that the evidence supported that the prosecutions witnesses' testimony was more credible than defendant's testimony.

*24 In addition, the prosecutor did not state a personal belief in defendant's guilt. Viewing the prosecutor's argument in context, it was a proper argument on the evidence rather than an expression of a personal belief in defendant's guilt. *See People v. Johnson*, 46 Mich.App 212, 218; 207 NW2d 914 (1973). The prosecutor was merely expressing a belief that the evidence presented was sufficient to prove the matter at issue. The prosecutor's closing argument and rebuttal argument, read in context, was based on the evidence and was proper. *Schutte, supra*; *People v. Noble*, 238 Mich.App 647, 660; 608 NW2d 123 (1999). And, any prejudicial effect of the remarks could have been cured by a timely instruction. *People v. Leshaj*, 249 Mich.App 417, 419; 641 NW2d 872 (2002). Thus, appellate review is precluded.

*McNeal*, 2004 WL 1949303, at *23 -24.

The Michigan Court of Appeals correctly found no prosecutorial misconduct. The prosecutor never expressed a personal belief in the witnesses' credibility but rather argued permissible inferences from the evidence. Furthermore, the Petitioner has not established that the prosecutor was aware of the purported warrant for Shack's arrest, which would likely not have been admissible into evidence as it was merely a warrant, rather than a conviction. Petitioner has failed to carry his burden of showing that the holding of the Michigan Court of Appeals was contrary to or unreasonably applied clearly established United States Supreme Court precedent. Therefore, habeas relief is not appropriate for this claim.

C.  Instructional Error Denied Petitioner Due Process and a Fair Trial

In his third claim for relief, the Petitioner argues that he was denied a fair trial by instructional error. Specifically, Petitioner argues that he was denied a fair trial because the trial court failed to instruct the jury that Petitioner must have the specific intent to commit

a felony, larceny, or assault in the dwelling when he enters the dwelling in order to be guilty of home invasion.

This claim is without merit. The Court of Appeals reached Petitioner's claim of improper jury instruction and held that, under Michigan law, the defendant need not have the requisite specific intent to commit assault or felony when entering the house. *McNeal*, 2004 WL 1949303 at * 9. "A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

D. Petitioner Was Denied Due Process and Fair Trial by
   Erroneous Structural Errors in Failing to Rule on Evidentiary
   Issues and over Objection Providing Partial Written Instructions

Petitioner's fourth claim for habeas relief asserts that he was denied due process because the trial court failed to rule on evidentiary issues prior to trial and provided the jury with written instructions on the elements of the offense but did not provide them with written instructions on the elements of self defense.

Petitioner's claim that the trial court erred in providing partial jury instructions is based primarily upon Michigan Court Rule 2.516(B)(5)(c), which provides that the court may provide to the jury partial written instructions only upon agreement of the parties. The Michigan Court of Appeals noted that the trial court had violated MCR 2.516(B)(5)(c) by providing partial written instructions over the objection of the defense but held the error was harmless beyond a reasonable doubt and did not require reversal because the trial judge had provided accurate verbal instructions on the theory of self defense and there was nothing in

the record to indicate that the partial instructions were not given in good faith or were inaccurate. *McNeal*, 2004 WL 1949303 at *4.

Respondent argues that Petitioner's claim regarding the provision of partial written jury instructions is non-cognizable. The Court agrees. A federal court sitting in habeas review is limited to deciding whether a state court conviction violates the Constitution, laws or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Habeas relief is not available for errors of state law. *Id.* Thus, any claim that the Michigan court violated Michigan law by providing partial written instructions to the jury is non-cognizable. *See id.*; *cf. Bey v. Bagley*, 500 F.3d 514 (6th Cir. 2007) (claim that state erred in application of state law generally not cognizable on habeas review).

Petitioner's assertion that he was denied a "fair trial" by the trial court's actions does not convert his state law claim into a federal constitutional claim. *See Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006). Petitioner has not presented the Court with any United States Supreme Court authority, or any federal authority at all, for the proposition that a court violates a defendant's constitutional rights when it provides jurors written instructions for the elements of the crime charged but only provides accurate oral instructions for affirmative defenses.

Petitioner also asserts that he was denied a fair trial because the trial court refused to require the prosecution to make a preliminary showing of admissibility of other alleged crimes, wrongs or acts of the defendant. The Michigan Court of Appeals denied this claim on the merits, finding that the witness's unsolicited outbursts did not require a mistrial because they were not procured by the prosecution and they were not sufficiently egregious

23

as to prejudice the outcome of the trial. *McNeal*, 2004 WL 1949303 at *10.    Petitioner

challenges this holding but fails to argue that it was contrary to or an unreasonable

application of United States Supreme Court precedent.   The holding of the Michigan court

is entitled to deference unless the Petitioner establishes that it is contrary to or unreasonable

under clearly established United States Supreme Court precedent.  As Petitioner has failed

to show that the holding of the Michigan court is either wrong or unreasonable, he is not

entitled to habeas relief on this claim.

      E.      Petitioner Was Unconstitutionally Prejudiced Where Counsel Labored under a
<u>Conflict of Interest and Rendered Ineffective Assistance of Appellate Counsel</u>

Petitioner asserts that his appellate counsel was ineffective for failing to raise the claims

discussed above that were procedurally defaulted for not being raised in Petitioner's direct

appeal.   Petitioner further asserts that prejudice should be presumed, under *Cuyler v.

Sullivan*, 446 U.S. 335 (1980), because Petitioner's appellate attorney had two conflicts of

interest, in that she shared office space with Petitioner's trial attorney and because she briefly

represented Petitioner at the start of the criminal proceedings.

As discussed above, to establish constitutional ineffective assistance of counsel, the

petitioner must generally establish both that his counsel's performance was deficient, and

that, as a result, he suffered prejudice, or "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceedings would have been different." *Strickland*,

466 U.S. at 687.   In certain circumstances, however, the court is to presume prejudice.

"[P]rejudice is presumed when counsel is burdened by an actual conflict of interest." *Id.* at

692.   To demonstrate an actual conflict of interest, the petitioner must show "that counsel

'actively represented conflicting interests' and that 'an actual conflict of interest adversely

affected his lawyer's performance.'"  *Id.* (quoting *Sullivan*, 446 U.S. at 350).  The Sixth Circuit has held, however, that for state habeas cases, the *Sullivan* presumption of prejudice does not apply to conflict of interest due to successive representation, but only in situations of conflict of interest due to multiple concurrent representations.  *Stewart v. Wolfenbarger*, 468 F.3d 338, 351 (6th Cir. 2006).   The present claim, that Petitioner's appellate counsel had a conflict of interest because she had briefly represented Petitioner and because she shared office space with Petitioner's trial counsel, is not a case where prejudice is to be presumed. Therefore, Petitioner's claims of ineffective assistance of counsel are to be judged by the regular *Strickland* standard.   See *Whiting v. Burt*, 395 F.3d 602, 619 (6th Cir. 2005) (*Strickland* governs ineffective assistance of counsel claims where same attorney represented petitioner at trial and on direct appeal; no presumption of prejudice applies).

As discussed above, the Michigan courts held that Petitioner's counsel was not ineffective.  That determination is to be accorded deference.  28 U.S.C. § 2254(d)(1); *Whiting*, 395 F.3d at 619-20.  Petitioner's appellate attorney pursued several substantial claims, one of which resulted in the Michigan Court of Appeals vacating on double jeopardy grounds Petitioner's conviction for home invasion.  *McNeal*, 2004 WL 1949303 at *19.  The claims asserted by Petitioner on collateral review are not "clearly stronger" than that claims asserted by his appellate counsel.  Thus, Petitioner's assertion that his appellate attorney performed deficiently is without merit, and Petitioner cannot establish the first prong of the *Strickland* test.  The Michigan court's rejection of Petitioner's ineffective assistance of appellate counsel claim was not an unreasonable application of clearly established United

States Supreme Court precedent and Petitioner, therefore, is not entitled to habeas relief on his claim of ineffective assistance of appellate counsel.

## V.Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In this case, the Court concludes that jurists of reason would not debate the conclusion that the petition has failed to establish any entitlement to habeas relief. The court thus declines to issue Petitioner a certificate of appealability**.**

## VI.  ORDER

For the reasons stated above, **IT IS ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
United States District Judge

Dated: June 14, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 14, 2011, by electronic and/or ordinary mail.

Carol L. Mullins
Case Manager